By the Court.
 

 One of the chief points contended for by the gas company is that the commission erred in the amount which it included in the valuation for plaintiff’s gas lands and leaseholds. The company claims a valuation of over $14,000,000 for these leaseholds, which may be classified as follows:
 

 Class No. 1. Leases of tracts of land having producing gas wells drilled thereon from which gas is being furnished to the public.
 

 Class No. 2. Leases of tracts of land proved by actual developments and operations in the immediate vicinity thereof to be good gas-producing lands, but which do not have any producing wells drilled thereon.
 

 Class No. 3. Leases of tracts of land shown by surrounding or neighboring developments or opera
 
 *509
 
 tions, geological considerations, etc., to be reasonably certain to be good gas lands, at least as to large portions thereof, but not yet demonstrated to be such by actual drilling.
 

 Class No. 4. Leases of tracts of land situated within the areas of territory where gas lands are known or assumed to exist from general geological conditions, but which are so remote from actual gas-producing wells or territory that they are merely prospective gas lands.
 

 As to Class No. 1, the commission fixed the value thereon as $7,880.62, holding that the actual cost of these leases to the company is the only value which should be used for rate-making purposes.
 

 We think this view ignores the value which should be attributed to property of the company, which is “used and useful,” as provided by Sections 499-8, 499-9, 614-20, 614-23, etc., General Code. We are of opinion that the value should have been determined by the commission rather than the actual cost of these leases to the company. This view requires us to reverse the holding of the commission on this point and remand for its further consideration. The judges who concur in this view are Marshall, C. J., Kinkade, Robinson, Jones, Matthias, Day and Allen, JJ.
 

 As to class No. 2, to wit, leases of tracts of land proved by actual developments and operations in the immediate vicinity thereof to be good gas-producing lands, but which do not have any producing wells drilled thereon, the majority of the court are of opinion that, while the leases upon territory of such character may in the future be “useful,” the same do not come within the purview of the statute,
 
 *510
 
 ■which requires the property to he given valuation to be both “used and useful.” The leaseholds covering such character of territory not being both “used and useful,” the commission’s views upon that point are affirmed. The judges concurring in this view are Marshall, C. J., Kinkade, Robinson, Matthias and Allen, JJ.
 

 As to classes 3 and 4, all judges concur that the commission was right in not allowing valuation therefor as property “used and useful.”
 

 The remaining grounds urged for reversal of the commission’s order are that there was an allowance of 7 per cent, as sufficient for general overheads, cost of financing, going concern value, etc.; that the order of the commission violates the Fourteenth Amendment of the Federal Constitution.
 

 A majority of the court are of opinion that the finding of the commission was neither unreasonable nor unlawful in those respects. Those entertaining such views are Marshall, C. J., Kinkade, Matthias, and Allen, JJ.
 

 The findings of the commission will therefore be affirmed, with the modification that the value, as provided in Sections 499-8, 499-9, 614-20, 614-23, etc., General Code, shall be fixed for the leaseholds in class No. 1, and the case is remanded to the commission for such modification.
 

 Order affirmed as modified and cause remanded.
 

 Marshall, C, J., Kinkade, Robinson, Jones, Matthias, Day and Allen, JJ., concur.