By the Court.
 

 This case is here on error from the Public Utilities Commission. The case was heretofore heard in this court as case No. 21661, and the ruling of the commission was affirmed, with the modification that there should be a fixing of the value of the leaseholds in class No. 1 under Section 499-9, G-eneral Code (121 Ohio St., 507, 169 N. E., 575). The case is now here, as case No. 22542, upon the value placed upon such leaseholds by the commission, found to be in the sum of $850,000.
 

 
 *249
 
 The error complained of by the company is that in arriving at its conclusion the commission based the same upon so-called book values, and not upon the market value. The record in this behalf, which includes the record reviewed by this court in case No. 21661, discloses that a number of witnesses testified as experts to the market value of the leaseholds in the various classes, including class No. 1 here under consideration, and fixed the value of the leases in question at approximately a million dollars higher than the value fixed by the commission; that there was also uncontroverted evidence of the value placed upon the leaseholds by the company itself for the purpose of effecting a consolidation of a number of companies, of which the Logan Gas Company is now constituted.
 

 In hearing the evidence and in arriving at a conclusion as to the market value of the leaseholds in question, the commission was not convinced of the probative value of evidence of market value testified to by the company’s experts, because such evidence necessarily was not and could not be based upon the price such property would bring in the open market, with a willing seller and a willing buyer, there being no such market by reason of the system of organization and operation of the Logan Gas Company and other gas companies; that each company in its own field constitutes, in effect, a monopoly; that actual value depends upon the company’s earning capacity, based upon the price which the company is willing or obliged to pay for the gas in the ground, the cost of production and distribution, and the price the commission will allow it to charge the consumer; that to base market value upon such premises was but in
 
 *250
 
 a large measure to base it upon the very rate which the commission was seeking to determine.
 

 . Believing that a system of valuation which rested so largely upon its own orders did not necessarily represent market value, it weighed all the evidence' and reached the conclusion that the evidence of the value the original companies themselves placed upon the leases when dealing with each other, and to which valuation the present company agreed, was more convincing than the theoretical values testified to by the expert witnesses, and was the nearest approach to evidence of market value in the record, and arrived at the conclusion that the actual market value was slightly in excess of the value placed upon the leases in the transaction by the original companies, and by this company itself where it had acted both as a willing seller and a willing buyer and had both sold and bought such leases.
 

 Upon a review of the record, we reach the same conclusion. The order of the Public Utilities Commission of Ohio is affirmed.
 

 Order affirmed.
 

 Marshall, C. J., Matthias, Allen, Kinkade and Robinson, JJ., concur.